IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 8 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| BURLINGTON INSURANCE CO., § | |
| § | |
| Plaintiff, § | C.A. NO. B-02-152 |
| § | |
| vs. § | |
| § | |
| GOLDEN CUE BILLIARDS, INC. AND § | |
| JOSEPH DAWY, § | |
| § | |
| Defendants. § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Plaintiff, Burlington Insurance Co. ("Burlington"), and pursuant to the United States Declaratory Judgment Act, the Texas Declaratory Judgment Act, and all other applicable law, files this its Original Complaint for declaratory relief, and in support thereof, would respectfully show as follows:

### I. PARTIES

1.1   The Plaintiff, Burlington Insurance Co. is an insurer incorporated in the State of North Carolina, with its principal place of business in Burlington, North Carolina.

1.2   The Defendant, Golden Cue Billiards, Inc. ("Golden Cue") is a Texas corporation with its principal place of business in Cameron County, Texas.

1.3   The Defendant, Joseph Dawy ("Dawy"), is an individual, a citizen of the State of Texas, who resides in Cameron County, Texas.

50180:1023064.1:080802

## II. SERVICE

2.1    Golden Cue may be served with the Plaintiff's Original Complaint by serving its registered agent for service of process as follows:

> Joseph Abe Dawy
> 417 North 1st Street
> Harlingen, Texas 78550

2.2    Joseph Dawy may be served with the Plaintiff's Original Complaint by serving him as follows:

> Joseph Abe Dawy
> 417 North 1st Street
> Harlingen, Texas 78550

## III. SUBJECT MATTER JURISDICTION

3.1    Subject matter jurisdiction is proper in this Court pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000. This action also is brought pursuant to the Texas Declaratory Judgment Act, Chapter 37 of the Texas Civil Practice & Remedies Code.

## IV. PERSONAL JURISDICTION

4.1    This Court has personal jurisdiction over all of the Defendants because they were and are doing business in the State of Texas.

## V. VENUE

5.1    Venue of this action in this Court is proper pursuant to 28 U.S.C. § 1391, because the Defendants are subject to personal jurisdiction in this District, and because the Defendants transact business within this District.

## VI. FACTS PERTAINING TO THE UNDERLYING LAWSUIT

6.1     On June 26, 2002, Annett Villarreal filed a lawsuit in the 404th Judicial District Court of Cameron County, Texas under Cause No. 2002-06-2543-G and styled *Annett Villarreal, et al. v. Golden Cue Billiards, Inc. and Joseph Dawy*, wherein she alleged as follows:

6.2     The Defendant owns and operates the Golden Cue, a bar and pool hall located in Harlingen, Texas. The Villarreals allege that the Golden Cue is a cesspool of under-aged drinking, drug use and violence wherein dozens of criminal incidents occurred in 2001. The Villarreals allege that the numerous problems at and around the Golden Cue make it foreseeable, if not certain, that additional acts of crime and violence will occur at the establishment.

6.3     It is alleged that on or about September 21, 2001, Arturo Villarreal, Jr. was a business invitee of the Golden Cue. Allegedly, while waiting outside to get back in, and in the presence of a doorman or bouncer employed by the Defendants, some unknown persons began trying to start a fight with him. It is alleged that rather than calling the police or attempting to diffuse the situation, the doorman/bouncer told them something to the effect of, "if you want to fight, go fight across the street."

6.4     It is further alleged that Arturo Villarreal, Jr. did not want to be in a fight; rather, he went inside to get a friend and then attempted to leave. Before Arturo Villarreal went into the Golden Cue, allegedly one of the unknown persons apparently attempted to start a fight with him stated, in the presence and hearing of the doorman/bouncer, that the event was "not over."

6.5     It is alleged that Arturo Villarreal attempted to leave the Golden Cue and that unknown persons blocked his vehicle. It is also alleged that in the clear sight of the doorman/bouncer, these persons started a confrontation with Arturo Villarreal and his companions.

The Villarreals allege that these persons eventually got into Arturo Villarreal's car and ran him over with it. Arturo Villarreal eventually died from the injuries he sustained. The Villarreals allege that the persons who assaulted Arturo Villarreal were intoxicated. Some, if not all, were minors. They were all served alcoholic beverages at the Golden Cue, and it is alleged that they were all served additional alcoholic beverages after they had become obviously intoxicated to the point that they were dangerous to themselves and to others.

**6.6** The Villarreals allege the following causes of action:

1. negligence/gross negligence;

2. violations of the Dram Shop Act;

3. public nuisance; and

4. malice.

**6.7** By way of damages the Villarreals claim actual damages, together with exemplary damages, court costs, prejudgment interest and post-judgment interest.

## VII. THE POLICY OF INSURANCE

**7.1** Burlington issued a commercial general liability policy listing Golden Cue Billiards, Inc. as the named insured under Policy No. B01680510918 for a period beginning January 27, 2001 and ending January 27, 2002 (hereinafter referred to as "the Policy"). The Policy has an occurrence limit of $1,000,000 with a general aggregate limit of $1,000,000. The deductible per endorsement is $250.00 for property damage and $0 for bodily injury claims.

## VIII. BURLINGTON ISSUES A RESERVATION OF RIGHTS LETTER

**8.1** On July 24, 2002, Burlington issued a reservation of rights letter to Golden Cue Billiards, Inc. through its attorney Robert C. Sheline. In that letter, Burlington raised the terms of

the insurance agreement as well as the exclusion to bodily injury or property damages expected or intended from the standpoint of the insured.

**8.2**   On August 8, 2002, Burlington issued a supplemental reservation of rights letter to Golden Cue Billiards, Inc. and Dawy through its attorney Robert C. Sheline.

### IX. <u>THERE IS NO COVERAGE UNDER THE TERMS OF THE POLICY</u>

**9.1**   By endorsement, exclusion C of coverage A in Section I is replaced by the following:

Exclusion c. of COVERAGE A (Section I) is replaced by the following: [There is no coverage for]

   c.   "Bodily injury" or "property damage" for which any insured or his indemnitee may be held liable by reason of:

   (1)   Causing or contributing to the intoxication of any person;

   (2)   The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

   (3)   Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you:

   (1)   Manufacture, sell or distribute alcoholic beverages.

   (2)   Serve or furnish alcoholic beverages for a charge whether or not such activity:

      (a)   Requires a license;

      (b)   Is for the purpose of financial gain or livelihood; or

   (3)   Serve or furnish alcoholic beverages without a charge, if a license is required for such activity;

    (4) Are an owner or lessor of premises used for such purposes.

 **9.2** Texas courts consistently have held that nearly identical liquor liability exclusions preclude coverage for an insured business that serves liquor to patrons who subsequently become involved in nefarious activities. *See Paradigm Ins. Co. v. Texas Richmond Corp.*, 942 S.W.2d 645, 651 (Tex. App.– Houston [14th Dist.] 1997, writ denied); *Abe's Colony Club, Inc. v. C&W Underwriters, Inc.*, 852 S.W.2d 86, 89 (Tex. App.– Fort Worth 1993, writ denied); *Thornhill v. Houston General Lloyd's*, 802 S.W.2d 127, 130-31 (Tex. App.– Fort Worth 1991, no writ); *Western Heritage Ins. Co. v. River Entm't*, 998 F.2d 311, 314 (5th Cir. 1993) (applying Texas law); *Acceptance Ins. Co. v. Walkingstick*, 887 F. Supp. 958, 959 (S.D. Tex. 1995) (applying Texas law).

 **9.3** In the present case, the Plaintiffs in the Underlying Lawsuit allege that Golden Cue and Dawy were negligent by "serving alcohol to minors and to obviously intoxicated persons" who assaulted Arturo Villarreal. The Underlying Lawsuit also alleges that "it was apparent to the providers that the individuals being sold, served, or/and provided with an alcoholic beverage were obviously intoxicated to the extent that they presented a clear danger to themselves and others. The intoxication of those persons, as well as the negligence of Defendants, was the proximate cause of Arturo Villarreal, Jr.'s death."

 **9.4** Under the terms of the liquor liability exclusion, there is no coverage if the incident arises out of the furnishing of alcoholic beverages to persons under the legal drinking age or under the influence of alcohol. Under the rationale of the cases cited above, there is no coverage under the terms of the Policy.

 **9.5** By endorsement the Policy amends exclusion A of coverage I, the intentional acts exclusion, as follows:

EXCLUSION - ASSAULT OR BATTERY

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

1. Exclusion a. of COVERAGE A (Section I) is replaced by:

    This insurance does not apply to:

    a. "Bodily injury" or "property damage":

        (1) Expected or intended from the standpoint of any insured; or

        (2) Arising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery.

2. Exclusion a.(11) is added to COVERAGE B (SECTION I):

    This insurance does not apply to:

    a. "Personal and advertising injury":

        (11)(a) Expected or intended from the standpoint of any insured: or

        (b) Arising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery.

9.6  Numerous Texas courts have interpreted similar assault and battery exclusions and have construed them in a straightforward manner. *See Century Sur. Co. v. Lamon Castle*, 57 F.Supp.2d 444, 447-48 (S.D. Tex. 1999) (applying Texas law) ("Courts have routinely held . . . that where a party's negligence alone did not cause injuries, but instead an injury was a result of two related and interdependent events, one of them being assault and battery, the [assault and battery]

exclusion applies to bar coverage."); *Audubon Indem. Co. v. Patel*, 811 F.Supp. 264, 265 (S.D. Tex. 1993) (applying Texas law) ("Upon reviewing the insurance policy and the assault and battery exclusion, this Court finds that, as a matter of law, the insurance policy precludes any coverage arising out of the assault and battery committed upon [the plaintiffs in the underlying lawsuit] if the legal theory for which [the insured] is found liable is negligence."); *Burlington Ins. Co. v. Mexican Amer. Unity Council, Inc.*, 905 S.W.2d 359, 360 (Tex. App.– San Antonio 1995, no writ); *Garrison v. Fielding Reins., Inc.*, 765 S.W.2d 536 (Tex. App.–Dallas 1989, writ denied) (holding that the assault and battery exclusion applied to negligence claims arising out of an assault and battery); *Tarrant County Ice Sports, Inc. v. Equitable Gen. Life Ins. Co.*, 662 S.W.2d 129 (Tex. App.–Fort Worth 1983, writ ref'd n.r.e.) (same); *see also Scottsdale Ins. Co. v. Texas Security Concepts & Investigation*, 173 F.3d 941 (5th Cir. 1999) (*per curiam*) (applying Texas law) (finding assault and battery exclusion did not violate Texas public policy and that claims against insured for false imprisonment and forcible restraint all arose out of the same alleged negligence – the assault and battery – and, thus, fell within the assault and battery exclusion).

9.7   In the present case, the Villarreals have alleged that Golden Cue and Dawy had a duty to provide "adequate security" at the establishment. Under the terms of the Policy and the rationale of the cases discussed above, there is no coverage as the Policy expressly provides that the Policy does not apply to "any act or omission in connection with or the prevention of an assault or battery."

9.8   The Policy's insuring agreement provides as follows:

> 1.   Insuring Agreement
>
>> a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to

>defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.

**9.9**  Furthermore, the Policy defines "occurrence" as follows:

>"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**9.10**  In light of the allegation in the Underlying Lawsuit that "[t]he numerous problems at and around the Golden Cue makes it foreseeable, if not certain, that additional acts of crime and violence will occur at and around the Golden Cue" coupled with the allegation that the Defendants in the Underlying Lawsuit were engaged in malice as that term is defined by Chapter 41 of the Texas Civil Practice and Remedies Code, there is no "occurrence" as defined in the Policy as the incident was not accidental in nature.

**9.11**  Chapter 41 of the Texas Civil Practice and Remedies Code defines malice as follows:

>(A) a specific intent by the defendant to cause substantial injury to the claimant; or
>
>(B) an act or omission:
>
>>(i) when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
>>
>>(ii) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

TEX. CIV. PRAC. & REM. CODE § 41.001(7).

9.12   The new definition of malice in the Civil Practice and Remedies Code does not meet the definition of "occurrence" contained in the Policy. As a result, there is no coverage for exemplary damages.

9.13   Section II of the Policy (Form CG 00 01 07 98) provides that one is an insured:

1.   If you are designated in the Declarations as:

* * *

d.   An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2.   Each of the following is also an insured:

a.   Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

9.14   Under the terms of the Policy, Golden Cue Billiards, Inc. as a corporate defendant is a named insured under the terms of the Policy. Joseph Dawy is a named insured under the terms of the Policy only to the extent that he was acting as an executive officer with respect to his duties as an officer/director of the corporation or if he was an employee of the corporation and was acting within the course and scope of his employment for Golden Cue.

## X.   CLAIM FOR DECLARATORY RELIEF AND OTHER DAMAGES

10.1   An actual controversy has arisen and now exists between the parties relating to the duty of Burlington to provide Golden Cue and Dawy with a defense for the Underlying Lawsuit.

Also, an actual controversy has arisen and now exists between the parties relating to the duty of Burlington to indemnify Golden Cue and Dawy for the allegations raised in the Underlying Lawsuit. Declaratory judgment is, therefore, necessary and Burlington requests a declaration of its rights under the Policy.

**10.2** Burlington has retained the law firm of Royston, Rayzor, Vickery & Williams, L.L.P. to represent it in this action, and Burlington has agreed to pay this firm reasonable and necessary attorneys' fees and expenses. An award of these reasonable and necessary attorneys' fees and expenses incurred by Burlington would be equitable and just, and Burlington seeks recovery of them pursuant to this declaratory judgment action, pursuant to Section 37.009 of the Texas Civil Practice & Remedies Code, and pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code.

## XI. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Burlington respectfully prays that the Defendants be cited to appear herein, and that on final hearing hereof, Burlington be awarded a judgment against the Defendants as follows:

1. That this Honorable Court declare that Burlington does not owe a defense to Golden Cue and Dawy for the allegations raised in the Underlying Lawsuit filed by the Villarreals.

2. That this Honorable Court declare that Burlington does not owe Golden Cue and Dawy indemnity for any settlement or judgment arising out of the allegations raised in the Underlying Lawsuit filed by the Villareals.

3. That Burlington be awarded its attorneys' fees for defending the Underlying Lawsuit and for filing and pursuing this declaratory judgment action.

4. That Burlington be awarded its court costs in this action.

5. That Burlington be awarded such other and further relief to which it may show itself justly entitled both in law and in equity.

Respectfully submitted,

*/s/ Keith N. Uhles*
Keith N. Uhles
Texas State Bar No. 20371100
Federal I.D. No. 1936
Attorney-in-Charge

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
Brownsville, Texas 78521
Telephone: 956-542-4377
Fax: 956-542-4370

Chester J. Makowski
Texas State Bar No. 12852950
Federal I.D. No. 15600

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
1001 McKinney Street, Suite 1100
Houston, Texas 77002-6418
Telephone: 713-224-8380
Fax: 713-225-9945

**ATTORNEYS FOR THE PLAINTIFF BURLINGTON INSURANCE COMPANY**