02-296-ANSWER

United States District Court
Southern District of Texas
FILED

OCT 1 7 2002

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| BURLINGTON INSURANCE CO. | § | |
| | § | CIVIL ACTION NO. B-02-152 |
| V. | § | |
| | § | JURY TRIAL DEMANDED |
| GOLDEN CUE BILLIARDS, INC. AND | § | |
| JOSEPH DAWY | § | |

**DEFENDANTS' ORIGINAL ANSWER AND COUNTERCLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME GOLDEN CUE BILLIARDS, INC. and JOSEPH DAWY, Defendants herein, and file this their ORIGINAL ANSWER AND COUNTERCLAIM in support of which they would show unto the Court as follows:

1. **Paragraph I, Plaintiff's Original Complaint** - Defendants admit the allegations in paragraphs 1.1, 1.2, and 1.3.

2. **Paragraph II, Plaintiff's Original Complaint** - Defendants admit the allegations in paragraphs 2.1 and 2.2.

3. **Paragraph III, Plaintiff's Original Complaint** - Defendants do not have sufficient knowledge to admit or deny that the amount in controversy, exclusive of interest and costs, the sum of $75,000.00. However, the underlying case is a wrongful death/survival cause of action. Defendants admit the remaining allegations in paragraph 3.1.

4. **Paragraph IV, Plaintiff's Original Complaint**

    (a) Defendant Golden Cue Billiards, Inc. admits that it is doing business in the State of Texas.

    (b) Defendant Dawy denies that he is doing business in the State of Texas.

DEFENDANTS' ORIGINAL ANSWER AND COUNTERCLAIM - Page 1

5. **Paragraph V, Plaintiff's Original Complaint** - Defendants admit that venue is proper in this jurisdiction, but deny that Defendant Dawy transacts business within the District.

6. **Paragraph VI, Plaintiff's Original Complaint**

   (a) Defendants admit the allegations in Paragraph 6.1.

   (b) Defendants admit that the allegations in Paragraphs 6.2 through 6.7 were made but deny the truth of the allegations.

7. **Paragraph VII, Plaintiff's Original Complaint** - Defendants admit the allegations in paragraph 7.1 except for the policy number, which is denied.

8. **Paragraph VIII, Plaintiff's Original Complaint**

   (a) Defendants admit the allegation in paragraph 8.1 except for the date, which is denied.

   (b) Defendants admit the allegations in paragraph 8.2.

9. **Paragraph IX, Plaintiff's Original Complaint**

   (a) Defendants admit the allegations in paragraph 9.1.

   (b) Defendants deny the allegations in paragraph 9.2 due to the inclusion of "nearly identical," which is vague.

   (c) Defendants admit the allegations in paragraph 9.3.

   (d) Defendants deny the allegations in paragraph 9.4.

   (e) Defendants admit the allegations in paragraph 9.5.

   (f) Defendants deny the allegations in paragraph 9.6 due to the inclusion of "similar assault and battery exclusions," which is vague.

   (g) Defendants deny the allegations in paragraph 9.7.

   (h) Defendants admit the allegations in paragraphs 9.8 and 9.9.

(i)  Defendants admit that the allegations quoted in paragraph 9.10 were made in the underlying lawsuit but deny the truth of the allegations.

(j)  Defendant admits the allegations in paragraph 9.11.

(k)  Defendant denies the allegations in paragraph 9.12.

(l)  Defendants admit the allegations in paragraph 9.13.

(m)  Defendants admit the allegations in paragraph 9.14. However, Defendant Dawy is also a named insured in the policy in his capacity as a shareholder.

10. **Paragraph X, Plaintiff's Original Complaint**

(a)  Defendants admit the allegations in paragraph 10.1.

(b)  Defendants admit the allegations in paragraph 10.2 that Royston, Rayzor, Vickery and Williams, L.L.P., was retained to represent Plaintiff. The remaining allegations are denied.

11. <u>**COUNTERCLAIM**</u>

(a)  By this Counterclaim, Defendants seek a declaratory judgment of the Court that there is coverage for the incident in question under the terms of the policy issued to Defendant Golden Cue Billiards, Inc. and that Defendants are entitled to a defense and indemnification.

(b)  Defendants have retained the Law Firm of Hodge & James, L.L.P. to represent them in this action and have agreed to pay reasonable and necessary attorney's fees and expenses. An award of reasonable and necessary attorney's fees and expenses would be equitable and just and should be awarded pursuant to Chapters 37 and 38, Texas Civil Practice & Remedies Code.

WHEREFORE, PREMISES CONSIDERED, Defendant prays:

A. That Plaintiff go hence without day as to its claims in this proceeding;

B. That the Court enter a declaratory judgment that there is coverage for the incident in question under the terms of the policy issued to Defendant Golden Cue Billiards, Inc. and that Defendants are entitled to a defense and indemnification;

C. For reasonable attorney's fees and expenses; and

D. For such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

HODGE & JAMES, L.L.P.
P.O. Box 534329
Harlingen, Texas 78553-4329

Suite 310, Third Floor
134 East Van Buren Avenue
Harlingen, Texas 78550-6807

956-425-7400
FAX - 956-425-7707

By: _____
William L. Hubbard
State Bar No. 10142000
Federal Identification No. 1923

Attorney in Charge

Anthony B. James
State Bar No. 10537300
Federal Identification No. 3785

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

ON the 15th day of October, 2002, a copy of DEFENDANTS' ORIGINAL ANSWER AND COUNTERCLAIM was served on:

Keith N. Uhles  
Attorney at Law  
55 Cove Circle  
Brownsville, Texas 78521

By Certified Mail, Return Receipt Requested No. 7001 1940 0002 7454 7182

_____  
William L. Hubbard  
Attorney at Law