*10*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 1 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| BURLINGTON INSURANCE CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. NO. B-02-152 |
| vs. | § | |
| | § | |
| GOLDEN CUE BILLIARDS, INC. AND | § | |
| JOSEPH DAWY, | § | |
| | § | |
| Defendants. | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f)
## FEDERAL RULES OF CIVIL PROCEDURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Burlington Insurance Company ("Burlington"), the Plaintiff, by and through their counsel of record, to present this its proposed Discovery/Case Management Plan as required by the terms of Rule 26(f) of the Federal Rules of Civil Procedure:

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   **Counsel for Burlington sent by fax a draft of a proposed case management plan on Wednesday, 4 December 2002. The parties conferred thereafter.**

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   **No other related cases are known.**

3. Specify the allegation of federal jurisdiction.

50180:1039498.1:120902

>   **This Court has diversity jurisdiction under 28 U.S.C. §1332 and under the Federal Declaratory Judgment Act, 28 U.S.C. §2201, *et seq*. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.**

4.  Name the parties who disagree and the reasons.

    **No party disagrees.**

5.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    **No other parties are anticipated.**

6.  List anticipated interventions.

    **None.**

7.  Describe class-action issues.

    **None.**

8.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    **Initial disclosures under Rule 26(a) have not officially been made. However, since this is an insurance coverage case, both parties have all of the relevant material at their disposal. Also, Burlington provided a certified copy of the policy of insurance at issue to the Defendants.**

9.  Describe the proposed agreed discovery plan, including:

    A.  Responses to all the matters raised in Rule 26(f).

        **Responses to all matters raised in Rule 26(f) have not yet been made. However, as is noted above, both parties have all of the relevant material at their disposal, the policy of insurance.**

        **As Burlington believes that this case may be disposed of on summary judgment, it is not anticipated that any experts will be necessary.**

    B.  When and to whom the plaintiff anticipates it may send interrogatories.

**If interrogatories are necessary, Burlington will propound them by 31 January 2003.**

C. When and to whom the defendant anticipates it may send interrogatories.

**If interrogatories are necessary, the Defendants will propound by February 28, 2003.**

D. Of whom and by when the plaintiff anticipates taking oral depositions.

**At this time, Burlington does not believe that any oral depositions will be necessary as this case may be disposed of by cross-motions for summary judgment.**

E. Of whom and by when the defendant anticipates taking oral depositions.

**The Defendants do not anticipate taking any oral depositions for the reasons set forth above. If necessary, however, the Defendants will depose the Plaintiff by the end of April 2003 and its experts within 30 days after they are designated.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

   (i) **Burlington will be able to designate experts by 30 April 2003.**

   (ii) **If experts are necessary, the Defendant will designate responsive experts and provide their reports by 30 May 2003.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**The parties should be able to depose the experts 30 days after they are designated.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**The parties should be able to depose the experts 30 days after they are designated.**

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

           **The parties are in agreement.**

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **None.**

12. State the date the planned discovery can reasonably be completed.

    **If any discovery is necessary, discovery can be completed by 30 June 2003.**

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **As this is a coverage case, it may be disposed of by means of a summary judgment. In an effort to control the costs of litigation, Burlington is open to mediation.**

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **At this juncture, the parties have not explored settlement, but they are willing to do so.**

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    **In an effort to control the costs of litigation, Burlington is open to mediation.**

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **At this time, Burlington cannot agree to trial before a United States Magistrate Judge.**

17. State whether a jury demand has been made and if it was made on time.

    **The plaintiff has not made a jury demand.**

18. Specify the number of hours it will take to present the evidence in this case.

    **From Burlington's perspective, if a trial is necessary, the case will require approximately two days to present testimony.**

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **By the date of the Rule 16 scheduling conference, Burlington's motion for summary judgment will be pending.**

20. List other motions pending.

    **None.**

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **There are none.**

22. List the names, bar numbers, addresses, and telephone numbers of *all* counsel.

    **Attorneys for the Plaintiffs:**

    **Keith N. Uhles**
    **Texas State Bar No. 20371100**
    **Federal I.D. No. 1936**
    **Attorney-in-Charge**

    **Royston, Rayzor, Vickery & Williams, L.L.P.**
    **55 Cove Circle**
    **Brownsville, Texas 78521**
    **Telephone: 956-542-4377**
    **Fax: 956-542-4370**


    **Chester J. Makowski**
    **Texas State Bar No. 12852950**
    **Federal I.D. No. 15600**

    **Royston, Rayzor, Vickery & Williams, L.L.P.**
    **1001 McKinney, Suite 1100**
    **Houston, Texas 77002**
    **Telephone: 713-224-8380**
    **Fax: 713-225-9545**

**Attorney for Defendants:**

William L. Hubbard
Anthony B. James
Hodge & James, L.L.P.
Suite 310, 3rd Floor
134 East Van Buren
Harlingen, Texas 78550-6807

Respectfully submitted,

_____
Keith N. Uhles
Texas State Bar No. 20371100
Federal I.D. No. 1936
Attorney-in-Charge
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
Brownsville, Texas 78521
Telephone: 956-542-4377
Fax: 956-542-4370

Chester J. Makowski
Texas State Bar No. 12852950
Federal I.D. No. 15600
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
1001 McKinney Street, Suite 1100
Houston, Texas 77002-6418
Telephone: 713-224-8380
Fax: 713-225-9945
**ATTORNEYS FOR THE PLAINTIFF
BURLINGTON INSURANCE COMPANY**

Hodge & James, L.L.P.
Suite 310, 3rd Floor
134 East Van Buren
Harlingen, Texas 78550-6807

BY: _____
William L. Hubbard
Texas State Bar No. 10142000
Federal I.D. No. 1923
Anthony B. James
Texas State Bar No. 10537300
Federal I.D. No. 3785

**ATTORNEYS FOR THE DEFENDANTS,
GOLDEN CUE BILLIARDS, INC. AND
JOSEPH DAWY**