IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 1 8 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| BURLINGTON INSURANCE CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-02-152 |
| v. | § | |
| | § | |
| GOLDEN CUE BILLIARDS, INC. AND | § | |
| JOSEPH DAWY, | § | |
| | § | |
| Defendants. | § | |

### ORDER

BE IT REMEMBERED, that on December 16, 2002, the Court *sua sponte* considered whether the above captioned case should be dismissed. Plaintiff Burlington Insurance Company filed this declaratory judgement action against Defendant, Golden Cue Billiards, Inc. and Joseph Dawy. Jurisdiction is based on diversity of citizenship, and the action is brought pursuant to the Declaratory Judgment Act. 28 U.S.C. § 1332; 28 U.S.C. § 2201. Burlington seeks a declaratory judgment that its insurance policy with Golden Cue Billiards, Inc. does not obligate it to defend or indemnify Golden Cue for liability that may result from an underlying Texas state court suit, <u>Annett Villarreal, et al. v. Golden Cue Billiards, Inc. et. al.</u>, Civil Action No. 2002-06-2543-G.

After oral arguments and in further consideration, the Court now decides *sua sponte* to **DISMISS** this declaratory judgment action.

<u>Analysis</u>

The Declaratory Judgment Act provides, "any court of the United States upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). In passing the Declaratory Judgment

1

Act, Congress intended to provide an opportunity, and not a duty, to grant a new form of relief to qualifying litigants. See Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995). The district court exercises a great degree of discretion in determining whether to dismiss a declaratory judgment action, but the court's decision must rest upon the consideration and balancing of several factors. See Travelers Ins. Co. v. Louisiana Farm Bureau Federation, 996 F.2d 774, 778 (5th Cir. 1993). The Court may dismiss the action because: (1) there is a pending state court proceeding in which the matters in controversy between the parties may be fully litigated; (2) the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping; (3) there are possible inequities in permitting the plaintiff to gain precedence in time and forum; or (4) there would be inconvenience to the parties or witnesses. See Magnolia Marine Transport Co. v. Laplace Towing Corp., 964 F.2d 1571, 1581 (5th Cir. 1992).

Not only may the Court refrain from hearing this declaratory judgment action, it *may be an abuse of discretion to refuse to abstain under the circumstances presented here.* The Fifth Circuit has reversed for abuse of discretion when district courts have refused to abstain from hearing declaratory judgment actions in circumstances where the interests of parties would be adequately represented in the state court proceeding and where denying declaratory relief would have avoided unnecessary interference with a comprehensive disposition of the state court action. See Wilton, 41 F.3d 934, 934 (5th Cir. 1994). See also Magnolia Marine, 964 F.2d at 1582. Indeed, the Supreme Court has stated that,

> [o]rdinarily, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

Brillhart v. Excess Ins. Co., 316 U.S. 491, 494, 499 (1942).

The precise provisions of the policy Plaintiff asks the Court to review concern factual issues that will be decided by the state court in the related proceeding. There is no reason why the federal court should trample the state court's authority to make findings and interpret the rights and responsibilities of the parties under the insurance

2

policy at issue. During oral arguments at the initial pre-trial conference, Plaintiff's counsel stated his client would be more comfortable in federal court and argued that because this Court has diversity jurisdiction over the cause of action, it is his right to choose the forum in which to bring the declaratory action. Plaintiff concedes, however, that he could have brought a similar declaratory judgment action under the Texas Declaratory Judgment Act.

Plaintiff's arguments do not persuade the Court that it should retain this case. Other federal courts have declined jurisdiction in cases involving identical facts. See, e.g., Ranger Insurance Co. v. Turner, 1998 WL 94939 (N.D. Miss. Feb. 13, 1998); Houston General Insurance Co. v. Taylor Lumber & Treating, Inc., 1997 WL 40633 (E.D. La. Jan. 30, 1997). Even when insurance companies are not parties to the state court action, as in the case here, they may have their interests adequately represented by either intervening in the state court action or by bringing a separate declaratory judgment action in state court. See id. The purpose of the Declaratory Judgment Act is not to allow the Plaintiff in this case to circumvent the true Plaintiff's choice of forum - i.e. the first Plaintiff's forum choice in the state court action. In this respect, Burlington has engaged in a kind of forum shopping. See Black's Law Dictionary (6th ed. 1990) (stating forum shopping "occurs when a party attempts to have his action tried in a particular court or jurisdiction where he feels he will receive the most favorable judgment or verdict"). In addition, Plaintiff stated in oral argument that he could have brought this same action in the state court. Finally, the fact that this Court has diversity jurisdiction over the action does not mandate that the Court hear this case. Indeed, were it not for the diversity jurisdiction, the Court would not have any jurisdiction at all because the Declaratory Judgment Act does not provide an independent jurisdictional basis. See 28 U.S.C. § 2201.

The Court now **FINDS** that any interpretation of the policy and declaration of the rights of the parties will serve no purpose beyond duplication of the state court's efforts and will unnecessarily bifurcate a proceeding that may be comprehensively disposed of at the state court. Plaintiff conceded in oral arguments that the interests of the parties could be adequately protected in the state court action because this same declaratory

action could be brought in the same state court that will hear the underlying state law suit. The Court hereby **DISMISSES** the declaratory judgment action.

DONE at Brownsville, Texas, this 16th day of December, 2002.

_____
Hilda G. Tagle
United States District Judge